UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY LEE BANKS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. 1:15-CV-03184-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 14, 20. Attorney D. James Tree represents Gary Lee Banks (Plaintiff); Special Assistant United States Attorney Brett E. Eckelberg represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits (DIB) on January 9, 2012, and an application for Supplemental Security Income (SSI) on January 17, 2012. Tr. 64-65, 185-194, 212. In both applications, Plaintiff alleged

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

disability since October 20, 2011, due to cellulitis, bilateral knee pain, missing toes on the left foot, back pain, shoulder pain, and numbness in his hands and toes. Tr. 185, 189, 223. The applications were denied initially and upon reconsideration. Tr. 110-117, 119-130. Administrative Law Judge (ALJ) Ilene Sloan held a hearing on February 13, 2014, and heard testimony from Plaintiff and vocational expert Kimberly Mullinax. Tr. 35-63. The ALJ issued an unfavorable decision on February 27, 2014. Tr. 21-30. The Appeals Council denied review on August 20, 2015. Tr. 1-7. The ALJ's February 27, 2014, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 19, 2015. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 56 years old on the alleged onset date. Tr. 185. Plaintiff completed his GED in 2000. Tr. 224. He last worked in October 2011, stating that "[i]n July, 2011 he was put on standby and seven weeks later he was called back in about 9/2011 and then was laid off permanently 10/20/2011 because of his hands." Tr. 224. Plaintiff's work history includes the jobs of drain cleaner and upside lift driver. Tr. 214.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v.*

*Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On February 27, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 20, 2011, the alleged date of onset. Tr. 23.

At step two, the ALJ determined Plaintiff had the following medically determinable impairments: eczematous dermatitis of the upper extremities bilaterally, hypertension, hypothyroidism, tendonitis of the left elbow, and status/post left rotator cuff repair. Tr. 23. However, the ALJ found that Plaintiff did not have a severe impairment at step two. *Id.* Therefore, the ALJ did not make a determination for steps three through five and found that Plaintiff had not been under a disability at any time from the alleged onset date, October 20, 2011, through the date of the decision, February 27, 2014. Tr. 30.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) finding Plaintiff had no severe impairments at step two; (2) finding Plaintiff less than fully credible; and (3) failing to give proper weight to medical source opinions.

**DISCUSSION**

**A.    Step Two**

Plaintiff challenges the ALJ's step two determination in this case.

Step-two of the sequential evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. § 416.924(c). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* at

1290 (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting S.S.R. 85-28)). The step-two analysis is "a *de minimis* screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290.

The ALJ found Plaintiff did not have a severe impairment. Tr. 23-30. In doing so, she found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of his symptoms, Tr. 25, and she weighed the medical source opinions found in the record, Tr. 28-30.

### 1.  Credibility

Plaintiff contests the ALJ's adverse credibility determination in this case. ECF No. 14 at 14-19.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of his symptoms. Tr. 25. The ALJ reasoned that Plaintiff was less than fully credible because (1) he received unemployment benefits during the time he alleged to be disabled, and (2) his activities of daily living were inconsistent with the severity of symptoms alleged. Tr. 28.

The ALJ's first reason for rejecting Plaintiff's credibility, that Plaintiff held himself out as ready, willing, and able to work, by receiving unemployment benefits, is not legally sufficient. The receipt of unemployment benefits can affect a person's claim for social security benefits, however, there must be evidence to support that the claimant held himself out as ready, willing, and able to work full-

time. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-1162 (9th Cir. 2008); *see also* Wash. Rev. Code § 50.20.119 (setting forth part-time work exception for unemployment benefits). Here, there is no evidence whether Plaintiff held himself out as available for part-time or fulltime work. *See* Tr. 45. Therefore, this reason fails to meet the specific, clear and convincing standard.

Furthermore, at the hearing, Plaintiff did not allege that his impairments precluded all work, but that his impairments precluded work above a light exertional level and the grid rules resulted in a finding of disabled. Tr. 40-41. As such, he argued that he would have been willing and able to work at a sedentary or light exertional level. *Id*. Plaintiff's receipt of unemployment benefits was not contradictory to an application for disability benefits.

The ALJ's second reason for finding Plaintiff less than fully credible, that the alleged severity of the symptoms was inconsistent with his reported activities, is not legally sufficient. A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

Here, the ALJ found that Plaintiff's activities of meeting his personal care, preparing daily meals, caring for a pet, operating a riding lawn mower, leaving his home, driving a car, going grocery shopping, and doing his own laundry were inconsistent with his reported limitations. Tr. 28. However, for the majority of these activities, it is unclear how these activities were inconsistent with Plaintiff's

reported activities.  The ALJ did find that Plaintiff's reports in March of 2012 and April of 2012, that he was performing his own grocery shopping and household chores, were inconsistent with the Plaintiff's hearing testimony that he needed assistance with grocery shopping and household chores due to numbness and pain.  Tr. 28.  In determining a claimant's credibility, the ALJ may consider ordinary techniques of credibility such as the claimant's inconsistent statements.  *Smolen*, 80 F.3d at 1284.  However, it is unclear if these statements are inconsistent.  Since the March of 2012 and April of 2012 reports the ALJ cited, Plaintiff completed Disability Reports in May of 2012 and July of 2012, in which Plaintiff asserted a worsening of symptoms and stated he had difficulty completing household chores.  Tr. 256, 261, 263.  By the February 13, 2014, hearing, Plaintiff testified a friend helped him complete his grocery shopping and household chores.  Tr. 47-48.  Therefore, the evidence suggests these statements represent a regression of activity over the course of two years and are not necessary inconsistent.  This reason fails to meet the specific, clear and convincing standard.

      Defendant also argues that the ALJ found Plaintiff less than fully credible because his symptom statements were inconsistent with (1) objective medical evidence and (2) a lack of treatment.  ECF No. 20 at 3-8.

      First, an ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's testimony, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009), but it cannot serve as the sole ground for rejecting a claimant's credibility, *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  However, in this case the ALJ's citations to the medical record and providers' opinions appears to be more of a discussion of the severity of Plaintiff's medically determinable impairments than a discussion of Plaintiff's credibility.  Nowhere in the decision does the ALJ specifically state what testimony was rendered unreliable due to any specific objective evidence or medical opinion.  Therefore, this reason also falls short of the specific, clear and

convincing standard.  *See Lester*, 81 F.3d at 834 ("General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

Second, the Ninth Circuit has held that "unexplained, or inadequately explained, failure to seek treatment" may be the basis for an adverse credibility finding unless one of a "number of good reasons for not doing so" applies.  *Fair*, 885 F.2d at 603.  However, benefits cannot be denied because of a claimant's failure to obtain treatment he cannot afford.  *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995).  Nowhere in the decision does the ALJ address Plaintiff's lack of medical insurance despite a lack of insurance being asserted at the hearing.  Tr. 41.

In conclusion, the ALJ failed to provide legally sufficient reasons for finding Plaintiff less than fully credible.  As such, the case is remanded for the ALJ to make a new determination in accord with S.S.R. 16-3p.

**2.    Medical Source Opinions**

Plaintiff challenges the weight given to the opinions of Nancy Schwarzkopf, ARNP, Bruce Kite, M.D., and Marie Ho, M.D.  ECF No. 14 at 19-20.

Considering the case is being remanded for the ALJ to properly address Plaintiff's credibility determination, a reweighing of the medical source opinions will also be necessary on remand.

In conclusion, considering the ALJ's credibility determination was in error, the Court is remanding this case for additional proceedings.  On remand, a new step two determination will be necessary.  In doing so, the record should be supplemented with any outstanding evidence, including pharmacy records showing the rate of refill of Plaintiff's eczema medications and testimony from Plaintiff regarding the rate of outbreaks.[1]

---

[1] The file presents some ambiguity as to the frequency of Plaintiff's eczema outbreaks and there may be records available to resolve this ambiguity.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to readdress Plaintiff's statements regarding his symptoms in accord with S.S.R. 16-3p. Prior to making a new determination, the ALJ will also need to supplement the record, reconsider the medical evidence, and elicit testimony from a medical and a vocational expert.

**CONCLUSION**

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

///

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED January 19, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10